**E-FILED**
Thursday, 26 May, 2016 02:10:59 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

Jeremy Lowrey M-12002 )
Plaintiff )
)
vs. )Case No. ________
)
Director John Baldwin, Warden )
Randy Pfister, Warden Guy Pierce, )
Doctor Andrew Tilden and Wexford )
)
Defendant(s) )

SCANNED at PCC and E-Mailed
5/26/16 (date) by [initials] (initials)
22 (# of pages)

## COMPLAINT

☒ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other ________________________________

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Jeremy Lowrey, and states as follows:

My current address is: Pontiac Correctional Center, P.O. Box-99 Pontiac, Illinois 61764

The defendant John Baldwin-Director, is employed as Director of Illinois Dept. of Corrections at Springfield Illinois

The defendant Guy Pierce, is employed as Chief Administrative officer - Warden at Pontiac Correctional Center

The defendant Randy Pfister, is employed as Chief Administrative officer-Warden (Retired) at Pontiac Correctional Center

The defendant DR. Andrew Tilden, is employed as Medical Director and Supervising Physisian at Pontiac Correctional Center

(revised 9/96)

The defendant Wexford Heath Services Inc., is employed as Medical Service Contractor for IDOC at Pontiac Correctional Center

Additional defendants and addresses ______

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case? Yes ☐ No ■

If yes, please describe

______

______

______

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes ☐ No ■

C. If your answer to B is yes, how many? ______ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

   Plaintiff(s) ______

   Defendant(s) ______

   ______

2. Court (if federal court, give name of district; if state court, give name of county)

3. Docket Number/Judge

4. Basic claim made

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)

6. Approximate date of filing of lawsuit

7. Approximate date of disposition

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution? Yes ■ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint? Yes ■ No ☐ If your answer is no, explain why not

C. Is the grievance process completed? Yes ■ No ☐

*PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY*

## STATEMENT OF CLAIM

Place of the occurrence Pontiac Correctional Center

Date of the occurrence June 2015 / on going

Witnesses to the occurrence

*State here briefly the FACTS that support your case. Describe how EACH defendant is involved. Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

1) I have a bariatric gastric lap band which was surgically implanted Prior to my incarceration in the Illinois Department of Corrections (IDOC). Due to the nature of the device, dietary Changes are required to prevent dangerous effects and Complications. I am required to Chew my foods slowly and thoroughly to a consistency of paste and take at least 20 minutes or more to eat each meal. Because of the short times we are given to eat our meals in the Chow hall I am being denied proper dietary intake. I was being given Lay-in meals in my cell which allowed me to eat without pain, vomiting of food and blood at my meal table because I was forced to eat quickly and improperly. On Warden Pfiester's orders, Dr. Tilden had to reduce the number of Medical lay-in meal permits, Causing my permit to be discontued dispite my Serious dietary requirements, and medical needs. This has subjected me to daily intense pain, Vomiting of food and blood, and Subjects me to threats of violence from other inmates due to my Constant vomiting in the Chow hall during meals. Doctor Tilden, Randy Pfister, Warden Pierce and Director Baldwin have all been made aware of this ongoing situation through personal Conversations, letters, Registered letters and Subsequent grievances, but refuse to renew my dietary permits or take any needed or reasonable steps to alleviate the pain, danger to my health and safety, and provide me with Conditions required by the implanted lap band.

2) Studies show that 50 to 70 percent of lap band patients have Complications requiring additional surgery or removal. Such complications are Caused by

from improper eating behavior and need to be identified early by qualified and trained Bariatric health care specialists, Laparoscopic adjustable gastric band (LAGB). Adjustments to LAGBs are required regularly as saline leaks from the band. I am experiencing multiple complication including severe and ongoing pain, inability to eat properly, constant indigestion, vomiting of food and blood, internal pain and pain at the site of the surgically implanted adjustment port site. These complications require an exam and assessment by trained qualified bariatric specialists and can escallate into fatal complications if not corrected. Medical Director Tilden and Wexford are denying me access and treatment by qualified bariatric specialists and placing my health and safety in danger, causing me serious daily ongoing pain and suffering solely for administrative convenience and because the required follow up exams and treatments are "Too Expensive".

3) By the ongoing denial of even remotely adequate and effective medical treatment for the medical conditions and complications related to my surgically implemented Lap-ban, the named defendants are in violation of my 8th Amendment right to be free from cruel and unusual punishment.

4) By the refusal to allow me adequate time and conditions to eat my meals which causes vomiting food and blood, extreme pain, digestion problems (severe indigestion), threats of violence, and the fatal dangers of causing my ban to slip from improper eating, the defendants are acting with deliberate indifference to my serious medical needs. This affects my past, present and future health, for purely administrative convenience and unconstitutional financial consideration.

Director John Baldwin is charged with my custody including adequate, appropriate medical care. He has personal knowledge

of the ongoing situation through a registered letter and the grievance proceedure. He is being sued in both official and individual Capacity.

WARDEN (C.A.O) Guy Pierce has immediate Custody and Control of Pontiac C.C. and has personal knowledge through personal direct conversation and has failed to act in providing Adequate medical care. He is being sued in both his individual and official Capacities.

Randy Pfister (C.A.O. Retired) refused to authorize my Continued medical diet for administrative Convenience causing my ongoing pain and suffering. He is being sued in his individual capacity. He had direct knowledge through conversation, letter and grievance.

Medical Director - Dr. Andrew Tilden has refused to provide a renewal of my required medical lay-in tray dispite his knowledge of my serious medical need, as well as ongoing pain and suffering. Has denied access to required follow-up Care by qualified specialists resulting in severe pain and suffering, threats to my past, Present and future health and Safety. He is being sued in his official and individual Capacities. He is also the supervising agent of Wexford Health Services Inc.

Wexford Heath Services Inc. is being sued in its official and individual Capasities as the Contractual provider of medical services to the Illinois Department of Corrections. They are required to provide needed, adequate medical treatment to inmates incarcerated at Pontiac Correctional Center, but are refusing to provide such treatment and Care in regard to my serious medical needs.

## RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

1) Immediate access to qualified bariatric specialists to assess and removal of the surgical implant if necessary from complications.
2) Immediate adequate accomidations so I may eat in line with my required lap-band specifications.
3) Twenty thousand dollars compensatory damages for having to purchase my own food so I could eat in my cell in compliance with the lap-bands requirements
4) Fifty Thousand dollars in punitive damages for the physical harm, pain and suffering, and mental anguish arising from the defendants deliberate indifference to my serious medical condition and needs
5) ANY other relief this Honorable Court finds Just and necessary.

**JURY DEMAND** **Yes** ■ **No** ☐

**Signed this** April **day of** 24th, 2016.

[signature]
*(Signature of Plaintiff)*

| *Name of Plaintiff:* Jeremy Lowrey | *Inmate Identification Number:* M-12002 |
|---|---|
| *Address:* P.O. Box 99 Pontiac, ILLINOIS 61764 | *Telephone Number:* |

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

Date: 8-24-15 | Offender: (Please Print) Jeremy Lowrey | ID#: M12002

Present Facility: Pontiac | Facility where grievance issue occurred: Pontiac

**NATURE OF GRIEVANCE:**

- ☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
- ☐ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ HIPAA
- ☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): ______
- ☐ Disciplinary Report: __/__/__ (Date of Report) ______ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved): USC 1983 Dr. Tilden is violating my eigth admendment right to be free from cruel and unusual punishment by refusing to provide me with adequate medical care and by Dr. Tilden being deliberate indifference to my serious medical needs. I currently have adjustable gastric banding Lap-band continued →

**Relief Requested:** on final page of grievance

☐ Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Offender's Signature | M12002 ID# | 8 24 15 Date

**(Continue on reverse side if necessary)**

---

**Counselor's Response (if applicable)**

Date Received: 8/25/15 ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: This grievance is about a medical issue & should be sent to the Grievance Office.

D Jones (Print Counselor's Name) | [signature] Counselor's Signature | 8/25/15 Date of Response

---

**EMERGENCY REVIEW**

RECEIVED

Date Received: SEP 09 2015

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature | __/__/__ Date



Printed on Recycled Paper

063594

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

in which I am having medical complications from such complication pain daily when digesting food through my band. As well as pain on my left side where the port from my lap-band is attached. Also not having enough time to eat or being provided with a proper diet for people with bariatric surgery causes me to puke 2 daily. I have given Dr. Tilden documentation stating people with lap-band surgery experince band erosion or migration where the band grows into the stomach and has to be removed. I have sent numerous letters to Dr. Tilden explaining I am still having pain in my port on my side and pain in my band when I eat. I have constant pain and indigestion as well as heart burn. Attached a letter to Dr. Tilden with the side effects on the band. When I saw Dr. Tilden on 6-25-15 explaining my pain and side effects and requesting to go to a bariatic surgeon he replied its too expensie to send me to one and instead perscribed me zantac, ibropen. I then sent Dr. Tilden a letter (is attached) explaining I am still having pain and when I saw Dr. Tilden again on 8-13-15 explaining I am still having pain and requesting to go to a Baratic surgeon in which Dr. Tilden stated it is too expensie till I hae more "fatal" complications he won't send me to a specalist. By Dr. Tilden perscribing me medicine is Dr. Tilden is acknowleding I am in need of medical care

(continued on next page) → go to pg. 3



Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
# OFFENDER'S GRIEVANCE

| | | | |
|---|---|---|---|
| Date: 8-24-15 | Offender: (Please Print) Jeremy Lowrey | | ID#: M12002 |
| Present Facility: Pontiac | | Facility where grievance issue occurred: Pontiac | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Mail Handling
- ☐ Dietary
- ☐ Transfer Denial by Transfer Coordinator
- ☐ Restoration of Good Time
- ☒ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ HIPAA
- ☐ Other (specify): ______

☐ Disciplinary Report: ___/___/___ Date of Report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if EMERGENCY grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

However by Dr. Tilden refusing to send me to a Bariatic Surgeon Specialist on the grounds of it being to expensive and elective violates my eigth admendment rights As quoting Greeno v. Daley 414 F.3d 645 7th cir 2005 had said citing Estelle v. Gamble 429 U.S 97 104 97 S.Ct 285, 50 L Ed. 2d 251 continued on pg. 4

**Relief Requested:** ______

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[signature] Offender's Signature — M12002 ID# — 8.24.15 Date

(Continue on reverse side if necessary)

## Counselor's Response (if applicable)

Date Received: ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ______

Print Counselor's Name ______ Counselor's Signature ______ Date of Response ___/___/___

## EMERGENCY REVIEW

Date Received: RECEIVED SEP 09 2015 Pontiac Corr. Ctr. Grievance Off.

Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

Chief Administrative Officer's Signature ______ Date ___/___/___



Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| | | |
|---|---|---|
| Date: 8-24-15 | Offender: (Please Print) J. Lowrey | ID#: M12002 |
| Present Facility: Pontiac | Facility where grievance issue occurred: Pontiac | |

**NATURE OF GRIEVANCE:**

- ☐ Personal Property ☐ Mail Handling ☐ Restoration of Good Time ☐ ADA Disability Accommodation
- ☐ Staff Conduct ☐ Dietary ☒ Medical Treatment ☐ HIPAA
- ☐ Transfer Denial by Facility ☐ Transfer Denial by Transfer Coordinator ☐ Other (specify): ______
- ☐ Disciplinary Report: ___/___/___ (Date of Report) ______ (Facility where issued)

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
**Chief Administrative Officer,** only if **EMERGENCY** grievance.
**Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):**

"Prison officals violate the eigth admendments proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners" Also see Carty v. Farrelly 957 F. Supp 727, 737 (D.V.I. 1997) "Failure to refer prisoners requiring medical care from a outside specalist to such providers also constitutes deliberate indifference" continued on back →

**Relief Requested:** ______

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

J. Lowrey (Offender's Signature) M12002 (ID#) 82415 (Date)

**(Continue on reverse side if necessary)**

**Counselor's Response (if applicable)**

Date Received: ___/___/___ ☐ Send directly to Grievance Officer ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: ______

______ Print Counselor's Name ______ Counselor's Signature ___/___/___ Date of Response

**EMERGENCY REVIEW**

Date Received: ___/___/___ Is this determined to be of an emergency nature? ☐ Yes; expedite emergency grievance ☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

______ Chief Administrative Officer's Signature ___/___/___ Date

Distribution: Master File; Offender



DOC 0046 (8/2012)

Printed on Recycled Paper

By Dr. Tilden not sending me to a bariatic surgeon and have me recieve proper treatment is violating my eigth adumendment rights.

Relief Requested:

To be sent to a Bariatic Surgeon to hae proper medical treatment for my lap band and have my lap-band remoed.

To be awarded compensatory Damages as well as Nominal Damages and Punitive Damages for my pain and suffering and for IDOC to reimburse me for the filing fee of any lawsuit regarding this matter.

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

**Pontiac Correctional Center**

Offender Information:

Lowrey (Last Name) Jeremy (First Name) ___ (MI) ID#: M12002

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 7/16/15 | CMT Note: * | |
| 5:50p | I/m was seen 7/1/15 | |
| | for Allergy issues | |
| | I/m is c/o issues | |
| | c̄ Lap Band procedure. | |
| | c/o pain et indigestion | |
| | claims Zantac is | |
| | "not working". Please | |
| | see for f/u. | L. Woodhouse CMT |
| 7/19/15 | SICK CALL | |
| 1345 | | |
| wt. 275 | | |
| p- 72 | S. headache [illegible] | |
| R- 16 | Type need [illegible] | Reglan 10 mg |
| B/P - 120/80 | of [illegible] - Post gastric | tab, PO BID |
| T - 98.5 | banding more than 10 yrs | [illegible] 2 tab |
| | Also having heart burn | BID x 90 days |
| | [illegible] | |
| | A migraine headache - heart burn | [illegible] |

Distribution: Offender's Medical Record

Printed on Recycled Paper

[illegible] 7-19-15 1400

DOC 0084 (Eff. 9/2002)
(Replaces DC 7147)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Offender Outpatient Progress Notes**

PONTIAC CORRECTIONAL Center

Offender Information: Lowery (Last Name) Jeremy (First Name) MI ID#: M12002

| Date/Time | Subjective, Objective, Assessment | Plans |
|---|---|---|
| 10/10/2015 12 | CMT Note: (S/O) I/M requesting to "see Dr. Tilden about being sent out for lap-band, and permit renewal." "Been having trouble digesting terribly" (A:) No previous permit noted on chart. Chart for review c Dr. Tilden for plan. I/M requesting a lay in c meals. | (P:) Reviewed c Dr. Tilden asking lab for report to chart of CBC c CMP ordered 8/13 drawn 8/17 on chart. and f/u c MD Clinic in 3mo. [illegible] [signature] |
| 10/16/2015 | CMT Note: (S/O) I/M requesting sick call because he wants to begin "hormone" therapy. (A:) [illegible] [illegible] | (P:) Sick call for further evaluation [signature] |

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

*Printed on Recycled Paper*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Offender Outpatient Progress Notes

PONTIAC CORRECTIONAL Center

Offender Information:

Jeremy (Last Name) Lowry (First Name) (MI) ID#: M 12002

| Date/Time | Subjective, Objective, Assessment | Plans |
| --- | --- | --- |
| 9/16/15 | RN note. | P. |
| 2pm | O: offender c/o of | |
| | stomach issues, | |
| | throwing up blood. | |
| | placed on sick call | |
| | A: sick call | [illegible] RN |
| | | |
| | | |
| 9/25/15 | SICK CALL | |
| [illegible] | | 1) Claritin 10 mg i PO |
| | 5/27 410 w m [illegible] | q AM x 3 months |
| 98.2 | for meds renewal only. | 2) Excedrin migraine ii |
| 110/60 | No complaints. | PO BID x 3 months. |
| | | 3) F/U PRN |
| | | [signature] |
| | | James A. Caruso PA-C ILL # 085-000516 |

[signature]

Distribution: Offender's Medical Record

DOC 0084 (Eff. 9/2002) (Replaces DC 7147)

Printed on Recycled Paper

Exhibit A

The Ochsner Journal 9:154–159, 2009
© Academic Division of Ochsner Clinic Foundation

# Long-term Management of Patients After Weight Loss Surgery

**William S. Richardson, MD,* Amber M. Plaisance, PA-C,† Laura Periou, RD, LDN,† Jennifer Buquoi, RN, CBN,† Deanna Tillery, RN, CBN†**

**Department of General, Bariatric, and Laparoscopic Surgery and †Department of Bariatric Surgery, Surgical Weight Loss Program, Ochsner Clinic Foundation, New Orleans, LA*

## ABSTRACT

Bariatric surgery is becoming very common, and most physicians will have contact with bariatric patients. Many aspects to follow-up are not generally known. The objective of this article is to help other physicians understand what follow-up entails to assist them with the care of these patients. It is expected that patients are followed up by the bariatric team for a lifetime, as care is complicated and lifetime follow-up is the key to long-term success.

## INTRODUCTION

Bariatric surgery improves quality of life and comorbid conditions and decreases overall cost of care.[1] Patients who undergo surgery will likely increase the length of their lives due to improvement in diabetes and heart disease and decreased risk of cancer.[2,3] Long-term bariatric follow-up requires a team approach and attention to several aspects of care. Nutrition is the most important aspect of follow-up to safely maximize weight loss and prevent weight gain. Exercise helps to maintain weight loss. Complications need to be identified early and can result from improper behavior or from surgical complications. Emotional difficulties occur in many patients. This article addresses all these factors.

*Address correspondence to:*
*William S. Richardson, MD*
*Department of General, Bariatric, and Laparoscopic Surgery*
*Ochsner Clinic Foundation*
*1514 Jefferson Highway*
*New Orleans, LA 70121*
*Tel: (504) 842-4070*
*Fax: (504) 842-3100*
*Email: wrichardson@ochsner.org*

*Key Words: Bariatrics, bariatric surgery, laparoscopic adjustable band, laparoscopic Roux-en-Y gastric bypass, long-term follow-up*

## GENERAL FOLLOW-UP

Two common procedures performed for weight loss are the laparoscopic adjustable gastric band (LAGB) and the laparoscopic Roux-en-Y gastric bypass (LRGBY). The LRGBY constitutes 80% of all bariatric procedures.[4,5] The main factors contributing to successful weight loss after bariatric surgery are the patient's ability to make lifestyle changes and to maintain those changes for years to come following the surgery. Success is measured by excess body weight (EBW) loss, which is current body weight minus ideal body weight. After LRGBY, 80% of patients achieve greater than 70% EBW loss over 2 years, and 70% of patients after LAGB achieve greater than 50% EBW loss over 3 years.[4] Those who maintain the lifestyle changes for the rest of their lives will maintain the weight loss. These changes include following a healthy well-balanced diet, taking the recommended vitamin supplementation, and exercising regularly (we recommend exercise for 30 minutes ≥5 d/wk).[6] In some patients with severe physical disabilities, physical therapy is often used to help them become mobile and to incorporate the appropriate amount of exercise.[6]

During the period of weight loss, we closely observe our patients; we then follow up with them once a year. During these visits, patients commonly have appointments with multiple persons on the bariatric team, including the surgeon, a physician extender, a registered dietician, and/or a mental health care provider, depending on the needs of each patient. All team members are important to guide, support, motivate, and educate the patient continuously, so that he/she may achieve a healthy weight after surgery.[4] Adjustments to LAGBs are required regularly during the first 2 years to maintain the "green zone," at which patients are eating properly and feeling satiated with their small meals for 2 to 3 hours. Later adjustments are needed every year or two as saline slowly leaks out of the band.[7,8]

In the early postoperative period, the main goals of office visits are to assess proper nutrition status, identify maladaptive eating disorders, evaluate potential complications (internal hernia, ulcers, etc), monitor status of comorbidities, encourage regular

Exhibit B

7-3-15

Dr. Tilden:

I saw you the week of June, 25th, 2015 about my lap-band. I'm still having pain on my side where my port is and when I digest food. The medicine you gave me for pain isn't helping. I'm also still having indigestion the Zantac isn't helping. I'm requesting to be sent to a Bariatric specialist. I've also attached complications commonly happen to people with lap-band as well why I need a permit to eat longer. Please see me.

Thank you
Jeremy Lowrey
W-10211
M12002

Exhibit C

8-22-15

Dr. Tilden:

I need to see you again. Saw you on 8-13-15 I'm still having pain where my lap-band port is and when I eat I throw up blood twice in the last 4-days. Please see me or send me to a Specialist.

Thank You

Jeremy Lowrey
M12002 E-4-08

Exhibit D

9-5-15

Dr. Tilden:

You advised me to write you about renewing my medical permit to have my trays at cell. Due to my lap-band I have issues eating fast. Please renew. I'll be back in South house 9-16-15 and need my permit.

Thank You
Jeremy Lowrey
M12002 E-4-08

Exhibit E

4-4-16

Dr. Tilden:

the pain is with my lap-band is getting worse. I am getting sharp pains when I eat. I'm not getting a proper baritiac diet. This pain on my side from the lap band part is getting worse when I exercise so I can't. Please see me.

Thank You

Jeremy Lowrey

M12002 SP-1-45

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

## Grievance Officer's Report

**Date Received:** September 9, 2015 **Date of Review:** September 30, 2015 **Grievance #** (optional): 063594

**Offender:** Lowrey, Jeremy **ID#:** M12002

**Nature of Grievance:** Medical Treatment

**Facts Reviewed:** Offender grieves medical treatment by facility HCU.

The facility Superintendent M. Melvin's response, dated 9/29/15, the grievance dated 8/24/15 was read and the applicable medical record was reviewed.

I am responding to your grievance as indicated above. Offender was seen 09/25/15 by PA for multiple issues. Offender only expressed only positive thing regarding his lap band which he had done outside of IDOC. Offender will continued to be monitored and if at any time he is having trouble he can submit a P96 to see the medical doctor.

Medical concerns are to be directed to the cell house CMT who will evaluate the offender or refer if appropriate. Alternatively, the offender may send a yellow "Medical Request" slip to the Health Care Unit Administration requesting medical services.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be considered MOOT at this juncture based on the response of facility Superintendent M. Melvin to the issue. Any other judgement upon the issue that when returned for cause would have no practical effect upon the existing controversy.

S. Simpson — [signature]

Print Grievance Officer's Name — Grievance Officer's Signature

**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

## Chief Administrative Officer's Response

**Date Received:** 10/13/2015 ☒ I concur ☐ I do not concur ☐ Remand

**Comments:**

[signature] — 10/13/2015

Chief Administrative Officer's Signature — Date

## Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)** Requesting a formal Hearing.

Jeremy [signature] — M12002 — 10-18-15

Offender's Signature — ID# — Date



Printed on Recycled Paper

Bruce Rauner
Governor



John Baldwin
Acting Director

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Offender Name: Lowrey, Jeremy

Date: Feb 24, 2016

Register # M12002

Facility: Pontiac

This is in response to your grievance received on 10/27/15. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your issue regarding: Grievance dated:** 8/24/15 **Grievance Number:** 063594 **Griev Loc:** Pon/HCU

- ○ Transfer denied by the Facility or Transfer Coordinator
- ○ Dietary
- ○ Personal Property
- ○ Mailroom/Publications
- ○ Assignment (job, cell)
- ○ Commissary
- ○ Trust Fund
- ○ Conditions (cell conditions, cleaning supplies)
- ○ Disciplinary Report dated ______ Incident #
- ◉ Other HCU visit 6/25/15, Bariatric Surgery denial.

**Based on a review of all available information, this office has determined your grievance to be:**

- ○ Affirmed, Warden ______ is advised to provide a written response of corrective action to this office by ______.
- ○ Denied, in accordance with DR504F, this is an administrative decision.
- ◉ Denied, this office finds the issue was appropriately addressed by the facility Administration.
- ○ Denied in accordance with AD05.03.103A (Monetary Compensation for Inmate Assignments)
- ○ Denied, as the transfer denial by the facility/TCO on ______ was reviewed in accordance with transfer procedures and is an administrative decision.
- ○ Denied as the facility is following the procedures outlined in DR525.
- ○ Denied as Cell Assignment/Housing is consistent with the Department's determination of the appropriate Operational capacity of each facility.
- ○ Denied as procedures were followed in accordance with DR 420 for removal/denial of an offender from/for an assignment.
- ○ Denied as this office finds no violation of the offender's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offender committed the offense cited in the report.

Other: Treatment is at sole discretion of an IDOC Physician.

FOR THE BOARD: S. Benton
Sherry Benton
Administrative Review Board

CONCURRED: John Baldwin
John R. Baldwin
Acting Director
2/25/16

CC: Warden, Pontiac Correctional Center
Lowrey, Jeremy, Register No. M12002

*Mission: To serve justice in Illinois and increase public safety by promoting positive change in offender behavior, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**